UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT FEUERHERM

      Plaintiff,

v.                                                    CASE No.  8:07-CV-733-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income.[1]   Because the plaintiff has failed to show that the decision of the Commissioner of Social Security is unsupported by substantial evidence or contains reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-one years old at the time of the administrative hearing and who has a tenth grade education (Tr. 315), has worked at various jobs, including as an acrylic aquarium fabricator, a pizza

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

deliverer, and a truck unloader for a department store (Tr. 103). The plaintiff has filed claims for Social Security disability benefits and supplemental security income, alleging that he became disabled due to arthritis in his neck, shoulders out of joint, and social anxiety disorder (Tr. 96). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "History of Shoulder Dislocations, Status Post-Surgical; and Cervical Degenerative Disc Disease" (Tr. 17). He concluded that these impairments produced the following residual functional capacity: The plaintiff can lift or carry twenty pounds occasionally and ten pounds frequently; can push, pull, sit, stand, and walk for a full six or more hours per eight-hour workday in a safe setting; can occasionally reach overhead; and cannot engage in overhead pulling, at unprotected heights, or climbing of scaffolds, ropes, or ladders (Tr. 18). The law judge determined that these limitations prevented the plaintiff from performing past work (Tr. 21). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such cashier II, toll collector, and mail clerk (Tr.

-2-

21-22).  The law judge, therefore, decided that the plaintiff was not disabled (Tr. 22).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."    42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found that the plaintiff has a history of shoulder dislocations, status post-surgical, and cervical degenerative disc disease (Tr. 17). The law judge concluded that, while these impairments limit the plaintiff to a range of light work, they are not disabling (Tr. 18, 22).

Although the plaintiff, through counsel, has brought this lawsuit to challenge the law judge's decision, he has not properly developed any challenges. A scheduling Order was entered in this case which required the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 15, p. 2). The plaintiff has not complied with this Order because he has failed to set forth any specific issue that he is asserting. There is no statement of issues; there are no headings; and there is nothing to signal what contentions are being raised.

Further, the scheduling Order provided that "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (id.). The Order adds that

"[a]ny contention for which these requirements are not met is subject to being disregarded for insufficient development" (id.).

The plaintiff has not meaningfully satisfied the requirement of citations to the governing legal standards. The only reference to any legal authority is a parenthetical reference to two Social Security Rulings (Doc. 17, p. 5). There is no statement of any legal principles in those Social Security Rulings that are thought to be pertinent here. Under these circumstances, a rejection of the plaintiff's lawsuit would be warranted due to a failure to comply with the scheduling Order.

Nevertheless, because the plaintiff does seem to be challenging the rejection of an opinion by a treating physician, and one of the cited Social Security Rulings pertains to that matter, it is appropriate to address that issue. The plaintiff's argument apparently centers around the opinion by Dr. Abdul S. Kahn, a primary care physician, that the claimant is "disabled" (Doc. 17, pp. 4-5). The law judge stated that Dr. Kahn opined on May 24, 2005, and November 18, 2005, on forms submitted to the Pinellas County Welfare Department that the plaintiff was "disabled by his shoulder tears for two six[-]

-6-

month terms totaling the minimum year for Title II and XVI benefits" (Tr. 18).[2]

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge stated in this regard (Tr. 19):

> In this case, [Dr. Kahn's] opinion was unique, rendered by a non-specialist family physician, minimally explained on the basis of erroneous information (merely citing ongoing bilateral tendon tears when the patient already had had his first operation by November 2005) and superceded by later, less supportive records that may best describe the patient's current status. The doctor had only tangential connection with the primary orthopedic ailments...[.] The specialists notably appeared non-committal, for the most part.

---

[2]The record only contains one such form (Tr. 257); the second form appears blank, but the writing may have been lost in the copying process (Tr. 256). Thus, it is appropriate to assume that the law judge did have before him two forms opining consecutive six-month disabilities.

In other words, the law judge noted the conclusory nature of the November 18, 2005, opinion, since it was set forth on a form and was only "minimally explained." Further, the explanation was erroneous. Thus, it stated (only) that the plaintiff had "bilateral shoulder tendon tear" (Tr. 257). However, the plaintiff had had his right shoulder repaired on August 9, 2005. (Tr. 275). Moreover, on November 8, 2005 – ten days prior to Dr. Kahn's opinion – Dr. Philip A. Davidson, the treating surgeon, had noted that the plaintiff, at three months after the operation, was "doing beautifully" (Tr. 273). At that point, Dr. Davidson simply scheduled the plaintiff for a follow-up examination on the one-year anniversary (id.). In light of Dr. Davidson's comments, the law judge could reasonably discount Dr. Kahn's opinion on the grounds that Dr. Kahn was not a specialist and was not closely involved with the plaintiff's orthopedic impairments.

There is no other legal issue that is even remotely developed. The only legal citation beside the one concerning opinions of treating physicians was a passing reference to Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A.), which relates to residual functional capacity (Doc. 17, p. 5). The plaintiff, however, does not refer to any legal principles set out in that Social Security Ruling, and does not identify any alleged deficiencies in the

law judge's determination of the plaintiff's residual functional capacity. Indeed, the plaintiff does not even use the term "residual functional capacity" in his short memorandum.

Consequently, if there are any additional issues hidden in the plaintiff's memorandum, they were not properly developed in accordance with the scheduling Order.  They are, therefore, deemed abandoned.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of August, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE